No. 2832.—STATE, ex rel. WILLIAM DURBRIDGE, *v.* F. J. PRATT, President, et al.

The act of the General Assembly, approved March 19, 1870, entitled "an act to establish an additional district court for the parish of Orleans to define the jurisdiction thereof, and to recognize and determine the jurisdiction of the existing seven district courts for the parish of Orleans," vested in the Eighth District Court, created by the act, exclusive jurisdiction over all cases of injunction, mandamus, etc. The other district courts of the parish of Orleans were therefore divested of all jurisdiction over such cases from and after the passage of the act. The fact that a judge for said Eighth District Court was not appointed and commissioned until some time thereafter, did not continue the jurisdiction over such cases as the act vested exclusively in the Eighth District Court until a judge was appointed and qualified therefor.

A judgment rendered by the Sixth District Court for the parish of Orleans, after the passage of the act creating the Eighth District of the parish of Orleans, is therefore null and void, because the court was without jurisdiction.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley*, J. *T. A. Bartlette*, for plaintiff and appellee. *Joseph Hornor*, for defendants and appellants.

HOWELL, J. The president of the Crescent City Live Stock Landing and Slaughterhouse Company has appealed from a judgment making peremptory a writ of mandamus ordering him, in his official capacity, to issue to the relator certificates of over a thousand shares of stock in said company.

The first question is one of jurisdiction. On the nineteenth March, 1870, the defendants moved to transfer this case to the Eighth District Court for the parish of Orleans, under the provisions of "an act to establish an additional district court for the parish of Orleans, to define the jurisdiction thereof, and to recognize and determine the

juris·liction of the existing seven district courts for the parish of Orleans," approved March 16, 1870, and promulgated March 17, 1870, by which the said Eighth District Court was vested with the exclusive jurisdiction of this class of cases, and all such as were then pending in the other courts were ordered to be transferred thereto.　One clause of section four reads as follows:　"Immediately upon the passage of this act it shall be the duty of the judges of the Fourth, Fifth, Sixth and Seventh District Courts for the parish of Orleans to transfer to the Eighth District Court for the parish of Orleans all suits or proceedings the jurisdiction over which is by this law vested in said Eighth District Court.　The said Fourth, Fifth, Sixth and Seventh District Courts are divested of all jurisdiction over such cases, except for the purpose of entering an order of transfer, and the said Eighth District Court shall be and is hereby vested with power to hear and determine suits or proceedings so to be transferred as if the same had been originally brought in said Eighth District Court."　The motion was refused, and on the same day the judgment was rendered, from which this appeal is taken.

It is urged that at the date of this motion the Eighth District Court was not organized, the judge thereof not having been commissioned and qualified until the twenty-fourth of March, 1870, and the court not opened until the twenty-sixth of the same month, and that under the provisions of article 83 of the Constitution the Sixth District Court could not be divested of jurisdiction of this cause until another court was "provided."

In the case of the State, ex rel. Pontchartrain Railroad Company, v. the Judge of the Seventh District Court for the parish of Orleans, we had occasion to inquire into the power of the Legislature to create the Eighth District Court and regulate its jurisdiction and that of the other seven courts of the parish, and the effect of this law upon the cases then pending in said courts and ordered to be transferred; and we expressed the opinion that the judges of said courts had been divested of all jurisdiction over such cases, except to render an order of transfer according to the plain language of the act.　All such suits pending in said courts at the time the law was passed were to be immediately transferred to the Eighth District Court, established by the said law.　There was no hiatus in the judicial power as contended by the counsel for the relator, as the law provided a jurisdiction for the cases over which the previously existing courts were divested of jurisdiction.　The delay necessary for appointing a judge to preside in the court created did not operate a suspension of or hiatus in the judicial power which existed in the court by the passage of the law creating it, any more than the death or resignation of a judge would have such effect.　The Legislature having the power to enact the law, the moment

it became a law its provisions became operative and binding on the judges named, who were by express terms divested of all power to try any cases which were ordered to be transferred. The power of the judge of the Sixth District Court to hear and decide this case was taken away and conferred on the judge of the Eighth Court, and the only action he could take was to enter an order transferring the cause, which he should have done. All else that he has done is "*coram non judice.*"

It is therefore ordered that the judgment appealed from herein be reversed and set aside, and that this case be remanded to the court *a qua*, with instructions to the judge thereof to transfer the same to the Eighth District Court for the parish of Orleans, the relator and appellee to pay costs of appeal.